Paul R. Kennedy and Evelyn M. Kennedy v. Commissioner.
Kennedy v. Commissioner
Docket No. 60908.
United States Tax Court
T.C. Memo 1958-139; 1958 Tax Ct. Memo LEXIS 90; 17 T.C.M. (CCH) 716; T.C.M. (RIA) 58139; July 16, 1958
*90 Held, that petitioners have failed to meet the burden of proving that payments made in settlement of a claim based on a judgment, together with court costs, and payments to attorneys for fees in relation thereto are deductible for income tax purposes. Hubert E. Ulmer, C.P.A., for the petitioners. James E. Johnson, Jr., Esq., for the respondent. FISHER
Memorandum Opinion FISHER, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1952 in the amount of $304.94. The sole question presented is whether petitioners are entitled to a deduction for income tax purposes of amounts paid in settlement of a claim based on a judgment, together with court costs, and amounts paid as attorneys' fees in relation to such claim and settlement. No oral testimony was offered. All of the facts before us are included in a stipulation of facts supplemented by an agreement of counsel at the trial, and are included herein by reference. [Findings of Fact] The petitioners, Paul R. Kennedy and Evelyn M. Kennedy, are husband and wife, and during the year 1952 were residents of Arlington Heights, Illinois. In the latter part of the year 1952, Paul *91 R. Kennedy was transferred to Atlanta, Georgia, where he and his wife filed a joint individual income tax return for the taxable year 1952 with the director of internal revenue for the district of Georgia. Paul R. Kennedy (who hereafter will be called the petitioner) was employed by Servel, Inc., and in December 1952 his official post of duty was changed from Chicago, Illinois, to Atlanta, Georgia. The petitioner's return for the year 1952 discloses a deduction in the amount of $935, which is listed thereon as a miscellaneous deduction, with the explanation: "Legal Expense to Defend Suit By Former Employer in Protection of Present Employment." The petitioner was employed for about a year, ending in 1938, by Horace E. Gray, Dayton, Ohio. At sometime after the termination of such employment he moved to Newburgh, Indiana, where he remained for several years. In 1940, he received a telephone call from Dayton, Ohio, advising him of the accidental death of his former employer. In April 1949, petitioner received a telephone call from E. B. Gray, son of his former employer, advising that the estate of his father held the petitioner's note for $1,609 and expected payment thereof. *92 The Gray estate sued the petitioner on the note in the Common Pleas Court of Montgomery County, Ohio, and on June 6, 1949, a judgment against him was entered in the amount of $2,636.39, representing the face amount of the note, with interest thereon at six per cent and court costs in the amount of $16.10. Judgment was secured under the cognovit feature of the note. After obtaining judgment in the Ohio court, suit thereon was brought in Warrick County, Ohio, which was dismissed on a technicality. At some later date, the petitioner's post of duty was changed to California and the judgment holder succeeded in tracing the petitioner to his new post and threatened to sue in that state. Before negotiations resulted in the formal filing of a suit in that state, the petitioner's post of duty was changed to Chicago, Illinois. The Gray estate entered suit in Cook County, Illinois, on the original judgment obtained against petitioner in Montgomery County, Ohio. The petitioner had engaged attorneys to defend him in the several suits, with the exception of the original suit in Montgomery County, Ohio. The attorneys in each suit advised him to offer settlement on the basis of something less *93 than the full amount of the note. In June 1952, petitioner's attorneys effected a settlement on the basis of the petitioner paying the amount of $600 in full settlement of the note. By checks dated June 13, 1952, petitioner paid attorneys' fees in the amount of $85.00 to S. R. Pulaski and $76.00 to E. H. Hewins, along with court costs in the amount of $16.10 in connection with the settlement of the note. [Opinion] As stated above, petitioner, in his income tax return, took a deduction as "Legal Expense to Defend Suit By Former Employer in Protection of Present Employment." In the opening statement on behalf of petitioner and in his brief, it was argued, in effect, that the note in question, and confession of judgment thereon, represented an unjust claim; that the note was a forgery; that petitioner had no knowledge of or obligation on the note; that petitioner had been an executive of Servel, Inc., and was notified by his employer that if he didn't get the note and judgment straightened out, and if garnishee proceedings were instituted, the company would dismiss him; that he settled the judgment, paid the court costs, and paid fees to his attorneys in protection of his job *94 and income, and that failure to have done so would have resulted in the loss of his job, or executive capacity, or both, even though he was not in fact liable on the note or judgment entered thereon. Assuming, arguendo, that the reasons advanced by petitioner were sufficient, in principle, to warrant allowance of the deductions in issue, it is clear that no deduction may be allowed in the instant case because there is not a shred of evidence in the record to support the view that he was not liable on the note or judgment, or that his job or position as an executive was in any way in jeopardy. Assertions in opening statements, in arguments, or in briefs are not evidence, and, while helpful where there is sufficient evidence in support of the contentions made, cannot be taken to supply evidence which is lacking. The burden of proof is clearly on petitioners, and it is equally clear that the burden has not been met Decision will be entered for the respondent.